**In re David Emory CRONK, Denise Erickson Cronk p/k/a Denise Rene Erickson, Debtors.**

**FIRST CARD SERVICES, INC., Plaintiff,**

v.

**David Emory CRONK, Defendant.**

**Bankruptcy No. 91–07207–8P7.**

**Adv. No. 91–577.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 7, 1992.

**904**

Scott W. Spradley, for plaintiff.

Thomas Joel Chawk, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of a debt admittedly due and owing by David Emory Cronk (Debtor) to First Card Services, Inc., (Plaintiff). The Plaintiff's claim of nondischargeability is brought in a one-count Complaint which is based on § 523(a)(2)(A) of the Bankruptcy Code.

It is the claim of the Plaintiff that the Debtor is indebted to the Plaintiff in the amount of $2,976.61; that this debt was incurred by the Debtor by use of a credit card issued by the Plaintiff; that the charges involved several cash advances and purchases when the Debtor knew that he could not meet these obligations; and the Debtor had no intentions to meet his obligations. The facts relevant to the claim of nondischargeability as established at the final evidentiary hearing are as follows:

When the Debtor received a credit card with a pre-approved credit limit of $4,000.00, he was employed by Mid–State Scale Company as a scale technician and earned $21,000.00 per year. His wife, Denise R. Cronk, also a Debtor but not involved in this adversary proceeding, held two jobs: a full-time job with Master Merchant earning $14,000.00 per year and a part-time job with Gordon Jewelers earning $7,900.00 per year. Thus in early 1991, the Debtor and his wife had a combined annual gross income in excess of $42,000.00.

In early 1991, Mrs. Cronk learned that she was pregnant and that she tested HIV positive. Mrs. Cronk's physician then advised her to work only part-time. Because she had extensive financial obligations incurred primarily before she married the Debtor and because she was both pregnant and tested HIV positive, and would therefore be required to quit her full-time job, she soon realized she needed financial guidance.

On February 11, 1991, Mrs. Cronk consulted the Consumer Credit Service in order to obtain financial guidance. Due to the amount of her debts, Mrs. Cronk was told that the Service had no solution for her problems. About the same time, she was retested to verify her HIV status; however the test results were "indeterminative as to positive." On March 15, 1991, on the advice of her physician, Mrs. Cronk quit her full-time job and then worked only part-time. Having realized that she could not meet the fixed monthly payments on her debts, Mrs. Cronk contacted an attorney initially to be advised about bankruptcy relief only for herself on April 16, 1991. Mrs. Cronk ultimately learned that she was not HIV positive.

The charges involved in this controversy were incurred between February 2, 1991, and April 6, 1991 by the husband Debtor through the use of the credit card issued by the Plaintiff. According to the first statement issued by the Plaintiff dated March 9, 1991, the charges totalled $477.96, requiring a minimum payment of $18.00, which payment was made. The next statement included charges and cash advances between February 21 and March 12, 1991 totalling $1,632.00, requiring $74.00 minimum payment which was also made. The bulk of these charges were used to pay Mr. Cronk's debts and the second mortgage on the marital home. The last statement dated May 7, 1991 reveals additional charges and cash advances, the last of which was

obtained on April 6, 1991, totalling $1,500.00.

On May 30, 1991, Mr. Cronk lost his job and it became evident that he too was unable to meet his obligations, and he decided to seek relief by filing a Chapter 7 Petition for Relief for him and his wife. This joint petition was filed on June 3, 1991. These are the facts on which the Plaintiff's claim of nondischargeability under § 523(a)(2)(A) is based. Section 523(a)(2)(A) of the Bankruptcy Code provides in pertinent part as follows:

**§ 523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by

(A) false pretenses, false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The standard of proof required to prove actual fraud under 11 U.S.C. § 523(a)(2)(A) is proof by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 872, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). To prove actual fraud under this section, the Plaintiff must prove by a preponderance of the evidence that Mr. Cronk took out the cash advances and used the charge card while knowing that he had no ability or no intention of repaying the debts he incurred.

A classic case of cardholder fraud was involved in the case of *In re Dorsey*, 120 B.R. 592 (Bankr.M.D.Fla.1991). In *Dorsey*, the debtor was an unemployed widow with two children who had seven American Express cards and over 20 other credit cards, with which she accumulated charges in excess of $100,000.00. Dorsey charged over $13,000 on her American Express credit cards by taking a whirlwind trip to Europe with her children on credit and by charging souvenirs including over $700.00 in perfume, and by purchasing other similarly outrageous luxuries. Clearly, the debtor in that case had absolutely no means to repay these debts, nor did she have any intention of doing so at the time she made the purchases.

In contrast to *Dorsey*, the Plaintiff in this case not only failed to prove actual fraud on the part of David Cronk by a preponderance of the evidence, but the Plaintiff fell woefully short of doing so. This Court finds that there was no evidence in this record to indicate that David Cronk obtained the cash advances in contemplation of filing bankruptcy. The record also includes no evidence that David Cronk knew he would not repay the charges when they were incurred. In sum, the Plaintiff has failed to prove its case under § 523(a)(2)(A) of the Bankruptcy Code, and the Plaintiff's Complaint should be dismissed. A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.